**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYLVIA VOLIN,<br><br>                      Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br><br>                      Defendant. | Civ. No. 15-4111 (KM) (JBC)<br><br>**OPINION & ORDER** |

**MCNULTY, U.S.D.J.:**

Now before the Court is the motion of Defendant GE for reconsideration of the portion of my amended opinion that declined to find that certain of the plaintiff's causes of action were subsumed by the Products Liability Act. The motion is denied.

The standards governing a motion for reconsideration (or reargument) are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.; see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp.

1

1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)). Mere disagreement with a holding is properly expressed *via* an appeal from the court's final judgment, not *via* a motion for reconsideration. *See Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996).

GE points to no such factors. It primarily repeats the contentions of its original motion, adding a discussion of my opinion, which it says must be wrong to the extent it diverges from GE's original contentions.

My opinion first dismissed the PLA claim, and then noted that the remaining claims, or parts of them, did not sound in products liability as such:

> I find that the non-PLA counts here allege theories and "harm" that do not fall under the PLA. They are not disguised products liability claims. The common theme of those other counts is not that the product caused harm to plaintiff or her property; it is that Volin did not get what she paid for. To that extent, then, Volin's CFA, implied warranty, and unjust enrichment claims would not be subsumed by the PLA.
> As the case progresses and the facts underlying the claims become clearer, the scope of the PLA's subsumptive effect may likewise become clearer. At the pleading stage, however, I cannot say that the PLA wholly bars any other count as a matter of law. The motion to dismiss on these grounds is therefore denied.

(Am. Op. at 7) That is what I held, and that is all I held: subsumption did not, at the pleading stage, wholly bar any other cause of action as a matter of law. What may emerge from the refinement of the claims in discovery, as I said, remains to be seen.

What is new about the motion for reconsideration is a citation to *Piemonte v. Viking Range, LLC,* 2015 WL 519144 (Feb. 9, 2015). No reason is given for failing to cite it before. In *Piemonte,* plaintiff conceded that three of its five causes of action were subsumed in the Products Liability Act claim. A

2

fourth, under the CFA, was held to be subsumed. *Piemonte* did not announce a rule, as GE suggests, that all claims are subsumed unless based on "specific representations." It stated "[f]or instance," that such a claim, would not be subsumed. It noted however that the essence of plaintiffs' claims were that the defective product had caused them damage. One pair of plaintiff, for example, alleged that a defective refrigerator door fell on one of them, sending her to the hospital—a classic products liability claim. (The other pair, to be sure, claimed that they had not received notice of a recall; the relation to products liability is not explored in the opinion.)

Here, by contrast, the non-PLA claims, or parts of them, do not claim personal or property damage, but seek compensation for the reduced value of the product itself. I will not dismiss them at the pleading stage.

GE seems also to be arguing that, to the extent the non-PLA counts did not assert products liability claims, they are inadequately pled and should be dismissed for that reason. My earlier opinion held to the contrary, and GE offers no reason to revisit it. I adhere to my ruling.

## ORDER

The defendant having filed a motion (ECF no. 20) for reconsideration of my Order and Amended Opinion (ECF nos. 15, 16); and plaintiff having filed a response (ECF no. 22); for the reasons expressed in the foregoing opinion and good cause appearing therefor;

IT IS this 12th day of July, 2016

ORDERED that defendant's motion (ECF no. 20) is DENIED.

HON. KEVIN MCNULTY, U.S.D.J.